48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin James KELLY, Defendant-Appellant.
 No. 94-5164.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 2, 1995.
Decided: March 3, 1995.
 
 ARGUED: Roland Michael Santos, Harrisonburg, VA, for Appellant. Stephen Urban Baer, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before HALL and LUTTIG, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Calvin James Kelly, is a career criminal who has spent most of his adult life in prison for bank robbery, burglary, and theft. In the instant case, Kelly was convicted of solicitation to commit armed bank robbery, in violation of 18 U.S.C. Sec. 373, and of possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g). Finding no merit to Kelly's various claims on appeal, we affirm his convictions and sentence in all respects.
 
 I.
 
 2
 In November 1992, just weeks after being released from a twelve year prison term, Kelly came into contact with undercover law enforcement officials and solicited their aid in planning and executing a proposed bank robbery. Kelly's primary accomplice in planning the robbery was Philip Ponder, who, unbeknownst to Kelly at the time, is a Special Agent of the Federal Bureau of Investigation. In the course of planning the crime with Special Agent Ponder, Kelly repeatedly demanded that Ponder provide him with a firearm to use in the robbery. Although reluctant to provide a known felon with a weapon, Ponder eventually produced a firearm in order to calm Kelly, who had become increasingly angered by Ponder's delay in supplying the gun. Federal agents apprehended Kelly almost immediately after Ponder handed over the weapon.
 
 
 3
 Kelly was convicted of solicitation to commit armed robbery and of possession of a firearm by a felon. The district court determined that Kelly qualified as an "armed career criminal" under the Sentencing Guidelines and sentenced Kelly to 300 months in prison. Kelly challenges his conviction for possession of a firearm and the length of his sentence. Kelly does not challenge the solicitation conviction on appeal.
 
 II.
 
 4
 Kelly's primary challenge to his conviction for possession of a firearm by a felon under 18 U.S.C. Sec. 922(g) is that in providing him with the very firearm that led to his arrest and conviction, "the police agent acted in a manner so contrary to public policy and the policy behind the enactment of 18 U.S.C. Sec. 922(g) as to nullify the defendant's criminal liability." Appellant's Br. at 7. According to Kelly, when Congress enacted section 922(g), it "could not have envisioned, or even condoned, police officers simply handing a firearm to a convicted felon before they were about to arrest him, especially where there is no need to do so." Id. at 14.
 
 
 5
 Kelly's claim is flawed for several reasons. First, Kelly's firearmpossession conviction in no way violates the "public policy" behind section 922(g). In the absence of entrapment or other police misconduct, it is entirely appropriate for the government to obtain a conviction for possession of a firearm by a felon where the firearm is supplied by the police in the course of a sting operation. As the Supreme Court recently reiterated,
 
 
 6
 It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises.
 
 
 7
 Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992) (quoting Sorrells v. United States, 287 U.S. 435, 441 (1932)). We also believe that Congress recognized the practical realities of law enforcement and contemplated precisely the scenario presented in this case when it enacted section 922(g).
 
 
 8
 Second, even if Kelly's "statutory policy" argument had merit, federal courts are without power to overturn an otherwise legitimate conviction on the sole basis that the court finds a particular conviction at odds with a perceived "public policy."
 
 
 9
 Finally, Kelly misrepresents the facts of this case when he states that the "police officers simply hand[ed][him] a firearm" and that "there was no need to do so." Appellant's Br. at 14. Quite to the contrary, the police provided Kelly with the firearm only after Kelly concocted the plan for an armed robbery, after Kelly made repeated demands for the weapon, and after Kelly became visibly angry with Special Agent Ponder for failing to supply the weapon more promptly. From start to finish, Kelly demanded a weapon and refused to proceed without one.
 
 
 10
 It bears emphasizing that Kelly disavows any claim of entrapment. Appellant's Br. at 16 ("[T]his is not an entrapment case."). He freely admits that "[he] meant to commit the crime," id., and all of the evidence indicates that it was Kelly's idea to rob the bank, that it was Kelly who insisted on using a firearm to commit the crime, and that it was Kelly who demanded that an FBI agent bring him a firearm. Thus, in addition to Kelly's own admission, there is overwhelming evidence that he "was disposed to commit the criminal act prior to first being approached by Government agents." Jacobson, 112 S.Ct. at 1540. The defense of entrapment is therefore unavailable.
 
 III.
 
 11
 Kelly also challenges the length of the sentence imposed by the district court. He contends that the district court erred in applying an offense level of 34 under the Sentencing Guidelines, which authorized the district court to impose Kelly's 300-month sentence. This challenge is similarly without merit.
 
 
 12
 Because of Kelly's long criminal history, the district court was bound to impose a heightened sentence for Kelly's firearm-possession conviction under section 922(g). See 18 U.S.C. Sec. 924(e). Section 924(e) provides that
 
 
 13
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years.
 
 
 14
 Id. Sec. 924(e)(1). Under the Sentencing Guidelines, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. Sec. 924(e) is an armed career criminal." U.S.S.G. Sec. 4B1.4(a).
 
 
 15
 Section 4B1.4(b) of the Guidelines provides that
 
 
 16
 [t]he offense level for an armed career criminal is the greatest of ...:
 
 
 17
 (3) (A) 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence ... as defined in Sec. 4B1.2(1) ...; or
 
 
 18
 (B) 33, otherwise.
 
 
 19
 Id. Sec. 4B1.4(b). Section 4B1.2(1) defines "a crime of violence" as
 
 
 20
 any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
 
 
 21
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 
 
 22
 (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 23
 Id. Sec. 4B1.2(1). The district court determined that Kelly "possessed the firearm ... in connection with a crime of violence" and therefore adopted an offense level of 34. Id. Sec. 4B1.4(b)(3)(A).
 
 
 24
 According to Kelly, the district court erred because Kelly did not possess the weapon in connection with a "crime of violence," as that phrase is defined by section 4B1.2(1). It is clear, however, that Kelly's proposed armed bank robbery is a crime that involves "the use ... or threatened use of physical force." Id. Sec. 4B1.2(1). It is also clear that armed robbery "involves conduct that presents a serious potential risk of physical injury to another." Id. Because Kelly possessed the firearm "in connection with" an armed bank robbery, the district court properly adopted an offense level of 34, which, when coupled with a criminal history category of VI, supports the 300-month sentence imposed by the district court.
 
 
 25
 The judgment of the district court is affirmed.
 
 AFFIRMED